UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RACHEL FREILICH on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

          -against-

MRS BPO, L.L.C.

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Rachel Freilich, brings this action against MRS BPO, L.L.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Cherry Hill, New Jersey.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Rachel Freilich

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about November 2, 2015, Defendant sent the Plaintiff a collection letter.

11.     The said November 2, 2015 letter was an effort to collect on a consumer debt.

12.     Prior to Defendant MRS BPO, L.L.C.'s collection of the said Chase Bank debt, the account was previously being collected by Allied Interstate LLC, who had sent a letter to the Plaintiff on or about June 4, 2014.

13.     The balance stated in the said June 4, 2014 letter from Allied Interstate LLC was $4,781.01, and in addition to that balance, interest was accruing daily as evident from the Defendant's November 2, 2015 letter, which reflected an increase in the balance to an amount of $5,158.73.

14.     A reasonable consumer could be misled into believing that he or she could pay his or her debt in full by paying the amount as listed in the November 2, 2015 letter.

15.     In fact, however, since as shown by the difference in the amount between the June 4, 2014 letter from Allied Interstate LLC and the new increased amount in the November 2,

2015 letter from the Defendant, which reflected that interest was accruing daily, a consumer who pays the balance due as stated in the letter, would be left unaware as to whether or not the debt has been paid in full.

16. The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[1]

17. Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2] However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

18. The said collection letters at issue were increasing daily due to interest, but the November 2, 2015 letter specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the January 5, 2016 letter failed to disclose that the balance was actually not increasing due to the interest being waived.

19. In any event, Defendant's said November 2, 2015 letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

20. Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the

---

[1] See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016).

[2] *id.*

consumer's debt to a third party, which itself could seek the accrued interest from the consumer. Avila, at *10-11.

21. Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

22. At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

23. A debt collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest accrued since the previous letter.

24. The said November 2, 2015 letter was deceptive and misleading as it merely identified the "ACCOUNT BALANCE," yet failed to disclose that the balance may increase due to interest and fees.

25. The Plaintiff was left uncertain as to whether the "ACCOUNT BALANCE" was accruing interest as there was no disclosure that indicated otherwise.

26. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

27. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "ACCOUNT BALANCE" stated on the notice will not know whether the debt has been paid in full.

28. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

29. The statement of an "ACCOUNT BALANCE" without notice that the amount is already

increasing due to accruing interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

30.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

31.     Collection notices that state only the "ACCOUNT BALANCE," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

32.     The Plaintiff and the least sophisticated consumer would be led to believe that the "ACCOUNT BALANCE" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

33.     A consumer who pays the "ACCOUNT BALANCE" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

34.     The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

35.     A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

36.    15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
> the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37.    Defendant's November 2, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

38.    Said November 2, 2015 letter further stated: "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C."

39.    The Defendant's language is deceptive and misleading and violated the FDCPA.

40.    Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

41.    It is wholly conceivable to forgive $600 or more of the debt and yet not report balances forgiven on a Form 1099-C."

42.     In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

43.     A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[3]

44.     The language in the letter that states "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C" could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the client, in all circumstances, report forgiveness of debt on a Form 1099-C.

45.     The words "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C" is reasonably read to mean that the creditor will always report forgiveness of debt.

46.     The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C.

47.     Although the Defendant had no duty to disclose any potential tax ramifications,[4] when Defendant chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

48.     Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leaves out the essential element that the reporting of

---

[3] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

[4] Altman v. J.C. Christensen & Assocs., 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015) ("[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

49.    The statement "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer.   A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

50.    If the creditor wishes to legitimately give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

51.    The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more

substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

52.    The use of the words "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C" is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.[5]

53.    In a recent decision, this court found in the case of <u>Kaff v. Nationwide Credit, Inc.</u>, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a statement regarding the requirement to file a 1099: "was not strictly true under all circumstances because **<u>it failed to apprise debtors</u>** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **<u>for interest and other non-principal debts</u>**." <u>Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015)</u> (Towns, J,) (emphasis added); see also <u>Good v. Nationwide Credit, Inc., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014)</u> (Finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

54.    The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

---

[5] <u>Russell v. Equifax A.R.S., 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996)</u> (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

55.     The FDCPA does not require that tax consequences be identified in collection letters sent
        to consumers; but where a debt collector has chosen to threaten the debtor with tax
        consequences, and has done so inaccurately, the false representation causes detrimental
        harm to the consumer since it concretely thwarts the consumer's ability to freely navigate
        a course of action in response to the collection notice. The risk in this type of harm is the
        detrimental impact to the consumer. And such harm is precisely the kind of infringement
        of the consumer's best interests that the FDCPA seeks to combat.

56.     Such a statement in a collection letter suggests to the least sophisticated consumer that
        failure to pay will get the consumer into trouble with the IRS.[6]

57.     The statement in the said letter is false and misleading, in violation of 15 U.S.C. §§
        1692e, 1692e(2), and 1692e(10).

58.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the
        Defendant.

59.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt
        collection communications.

60.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection
        communications.

61.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

62.     Defendant used materially false, deceptive, misleading representations and means in its
        attempted collection of Plaintiff's alleged debt.

63.     Defendant's communications were designed to cause the debtor to suffer a harmful
        disadvantage in charting a course of action in response to the Defendant's collection

---

[6] Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); Wagner v. Client Services, Inc., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998).

efforts.

64.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

65.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

66.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

67.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

68.     The identities of all class members are readily ascertainable from the records of MRS BPO, L.L.C. and those business and governmental entities on whose behalf it attempts to collect debts.

69.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of MRS BPO, L.L.C., and all of their respective

immediate families, and legal counsel for all parties to this action and all members of their immediate families.

70.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

71.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

72.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

73.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the

Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on

information and belief, collects debts throughout the United States of America.

74. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

77. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

78. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through seventy seven (77) herein with the same force and effect is if the same were set forth at length herein.

79. This cause of action is brought on behalf of Plaintiff and the members of two classes.

80.    The first class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letter sent to the Plaintiff on or about November 2, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

81.    The second class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 2, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

**Violations of the Fair Debt Collection Practices Act**

82.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

83.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

    (a)      Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b)      Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)      Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       September 15, 2016

                                 /s/ Maxim Maximov
                               Maxim Maximov, Esq.
                               Attorneys for the Plaintiff
                               Maxim Maximov, LLP
                               1701 Avenue P
                               Brooklyn, New York 11229
                               Office: (718) 395-3459
                               Facsimile: (718) 408-9570
                               E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                 /s/ Maxim Maximov
                               Maxim Maximov, Esq.